UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| STACEY PENA<br>GARY STELLY, JR<br>NICHOLAS STELLY | CIVIL ACTION NO. 06-0884 |
| VS. | |
| WAL-MART LOUISIANA, LLC | MAGISTRATE JUDGE METHVIN<br>BY CONSENT OF THE PARTIES |

*RULING ON MOTION TO REMAND*
*(Rec. Doc. 60)*

Before the court is the Motion to Remand filed by plaintiffs on November 7, 2007. The motion is unopposed.[1]

Plaintiffs seek remand because:

Subsequent to the Notice of Removal, plaintiff, Stacey Pena, died, on September 11, 2007. Her children and surviving heirs, Gary Stelly, Jr. and Nicholas Stelly, acknowledge that their mother's claim is less than the jurisdictional minimum of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS required by Title 28, U.S.C., Section 1332.[2]

The record shows that on June 22, 2006, the undersigned magistrate judge reviewed this case and concluded the court had subject matter jurisdiction at the time of removal:

This case was removed from a local state court based on the allegation of defendant that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332. Removal documents show that plaintiff alleges that as a result of a slip and fall at defendant's store, she injured her back. Plaintiff's physician has recommended that she undergo an anterior cervical fusion. Considering the foregoing, the requisite jurisdictional amount has been established.[3]

"[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) citing St Paul

---

[1] Rec. Doc. 62 and 63.

[2] Rec. Doc. 60-3 at p. 1.

[3] Rec. Doc. 10.

2

Mercury Indem. Co. v. Red Cab Co., 303 U .S. 283, 289-90, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir.), reh'g denied, 70 F.3d 26 (5th Cir.1995) (holding that once removal jurisdiction attached, a subsequent amendment of the complaint reducing the amount in controversy to less than the required amount cannot divest jurisdiction); *see also* Angus v. Shiley, 989 F.2d 142, 145 (3rd Cir.1993); Allen v. R & H Oil & Gas Co, 63 F.3d at 1336: "Once the district court found that it had jurisdiction, the jurisdiction is deemed to have vested in the court at the time of removal. An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction."

Since the court has determined that jurisdiction existed at the time of removal, plaintiff's allegation that the amount in controversy is less than the jurisdictional amount does not divest the court of jurisdiction. Accordingly,

**IT IS ORDERED** that the Motion to Remand is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall remove the motion from the undersigned's December 19, 2007 motion calendar.

Signed at Lafayette, Louisiana, on December 13, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)